IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND MCCANDLESS, :
:
        Plaintiff, : CIVIL ACTION NO. 15-2293
:
v. :
:
MICHAEL NUTTER, LOUIS GIORLA, :
M. FARRELL, and MAJOR ABELLO, :
:
        Defendants. :

**MEMORANDUM OPINION**

Smith, J.                                                                                                          May 4, 2017

        The *pro se* plaintiff was an inmate in the City of Philadelphia Prison System when he commenced this action claiming that the defendants violated his Fourteenth Amendment rights by placing him in a three-person cell. After the court dismissed the complaint for failure to state a claim, the court provided the plaintiff with a period of 30 days to file an amended complaint. The plaintiff did so, but the court also dismissed that amended complaint for the failure to state a claim, and gave the plaintiff a period of another 30 days to file a second amended complaint. The court also warned the plaintiff that if he failed to timely file a second amended complaint, the court would dismiss this action with prejudice. The plaintiff has failed to timely file a second amended complaint.

        As stated further below, the plaintiff's failure to file a second amended complaint would, in itself, warrant dismissal of this action without prejudice without considering the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). Nonetheless, even if the court were to consider the *Poulis* factors, the court would still dismiss the action for failure to prosecute because it is the only appropriate sanction for the plaintiff's failure to file a second amended complaint.

# I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Raymond McCandless, filed an application to proceed *in forma pauperis* and a proposed complaint against the defendants, Michael Nutter, the former mayor of Philadelphia, Louis Giorla, the former commissioner of the Philadelphia Prison System, Michele Farrell, the warden of Curran-Fromhold Correctional Facility ("CFCF"), and Major Abello, the deputy warden of CFCF, on March 26, 2015.[1] Doc. No. 1. The Honorable Norma L. Shapiro, now deceased, entered an order granting the plaintiff leave to proceed *in forma pauperis*, and the clerk of court docketed the complaint. Doc. Nos. 4, 5.

In the complaint, the plaintiff alleges that while he was a pretrial detainee at CFCF, the defendants violated his Fourteenth Amendment rights by forcing him into a three-person cell. Complaint at 3. He also alleges that while at CFCF he lacked access to legal materials, he was not provided clean sheets or uniforms, and that treatment of pretrial detainees was generally unconstitutional. *Id.* With regard to his requested relief, the plaintiff seeks $300 for each day during which he was housed in a triple cell, transfer to a two-person cell, regular cell cleaning, and liberal use of the law library. *Id.* at 5.

It appears that the United States Marshals Service served the summonses and copies of the complaint upon the defendants, and the defendants filed a motion to dismiss the complaint on August 1, 2016. Doc. No. 6. In the motion to dismiss, the defendants generally contended that the court should dismiss the complaint because the plaintiff failed to allege that they were personally involved in the alleged wrongs. Memorandum of Law in Supp. of Defs.' Mot. to

---

[1] In the complaint, the plaintiff declares that he delivered the complaint to prison officials for mailing to the clerk of court on March 26, 2015. *See* Complaint at 8, Doc. No. 1. Pursuant to the federal "prisoner mailbox rule," a *pro se* prisoner plaintiff's complaint (or petition) is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Although this doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that *pro se* prisoner plaintiff filed complaint on date he signed it). The court has therefore used March 26, 2015, as the filing date for this action.

Dismiss for Failure to State a Claim at 1-3, Doc. No. 6. Also on August 1, 2016, Chief Judge Petrese B. Tucker reassigned this case, along with 12 other cases, to the Honorable Mitchell S. Goldberg. Doc. No. 7. Despite the passing of more than four months, the plaintiff never filed a response to the motion to dismiss. Chief Judge Tucker then reassigned the case from Judge Goldberg to the undersigned on December 20, 2016. Doc. No. 9.

On December 22, 2016, the undersigned entered an order granting the defendants' motion to dismiss and dismissing the complaint without prejudice. Doc. No. 10. The court held that the plaintiff had failed to state a claim because he failed to allege that the defendants were personally involved in the alleged constitutional violations or to present facts demonstrating a policy, practice, or custom that resulted in the deprivation of his constitutional rights. *Id.* The court gave the plaintiff a period of thirty days to file an amended complaint. *Id.*

On December 29, 2016, the court received a returned envelope from the United States Postal Service indicating that Chief Judge Tucker's order reassigning the case to the undersigned was undeliverable. Unnumbered Docket Entry between Doc. Nos. 10 & 11. The notice also indicated that the plaintiff had been discharged from CFCF and "sent upstate." In spite of his change in circumstances, the plaintiff failed to fulfill his obligation of notifying the clerk of court of his change of address in accordance with Rule 5.1(B) of this court's Local Rules of Civil Procedure. On January 6, 2017, the court used the publicly-available inmate locater to determine that the plaintiff had been transferred to the State Correctional Institution at Albion ("SCI Albion"), directed that the clerk of court send all filings to the plaintiff and warden at SCI Albion, and provided the plaintiff thirty more days to file an amended complaint. Doc. No. 11.

After requesting an extension from the court, the plaintiff filed an amended complaint on February 15, 2017. *See* Doc. Nos. 12-14. While the defendants did not file a motion to dismiss the amended complaint, the court dismissed it on March 23, 2017, pursuant to 28 U.S.C. §

1915(e)(2)(B), which requires that the court dismiss a complaint of a litigant proceeding *in forma pauperis* if the complaint fails to state a claim on which relief may be granted. Doc. No. 15. Specifically, the amended complaint suffered from the same deficiencies as the original complaint. *Id.* The court again gave the plaintiff a period of thirty days to file a second amended complaint, and warned the plaintiff that the court would dismiss the action with prejudice if he failed to file a second amended complaint within the time set forth in the order. *Id.* To date, the plaintiff has not filed a second amended complaint or requested an extension of time from the court.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The court may also sua sponte dismiss an action for lack of prosecution, in the absence of a motion to dismiss, "in order to achieve the orderly and expeditious disposition of cases." *Allen v. American Fed'n of Gov't Emps.*, 317 F. App'x 180, 181 (3d Cir. 2009) (per curiam).

Ordinarily, district courts in the Third Circuit must decide whether to dismiss an action with prejudice for lack of prosecution by evaluating the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994) ("Ordinarily, when a court is determining *sua sponte* or upon motion of a defendant whether to dismiss because of a plaintiff's failure to prosecute" the court must consider the *Poulis* factors); *see also McLaren v. New Jersey Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (per curiam) ("Typically, district courts are required to evaluate the factors set forth by [*Poulis*] to determine whether dismissal is appropriate."). The plaintiff's failure to file an amended complaint, however, warrants dismissal of this action for lack of prosecution

without considering the *Poulis* factors. *Allen*, 317 F. App'x at 181 ("The refusal to file an amended complaint, would have left the District Court uncertain of the contours of Allen's claims. Under these particular circumstances, we do not think it was error that the District Court did not explicitly weigh the *Poulis* factors.").

Even if the court were to analyze the plaintiff's failure to prosecute under the *Poulis* factors, however, dismissal would still be appropriate. In *Poulis*, the Third Circuit set forth six factors for the court to consider in determining whether to dismiss an action with prejudice for the failure to prosecute. The six factors are: (1) the extent of the party's personal responsibility; (2) the extent of prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal including an analysis of those alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. The court will address each of these factors in turn.

### A. <u>The Party's Personal Responsibility</u>

The first factor is the extent of the party's personal responsibility. Here, the plaintiff is personally responsible for his failure to prosecute and his failure to comply with the court's order requiring him to file an amended complaint. He is prosecuting this matter in a *pro se* capacity and has no one else to blame for his failure to take action in this case. *See Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005) (per curiam) ("[U]nlike a situation where dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation."). There is no indication that a third party is responsible for the plaintiff's failure or that he has somehow not received notice of his obligation to file an amended complaint in this case. For example, the clerk of court did not receive a returned envelope from the United States Postal Service indicating that the court's March 23, 2017 order was undeliverable. Further, the court stressed in its March 23, 2017 order that failure to timely

file a second amended complaint would result in dismissal of the action with prejudice. Therefore, as the plaintiff is personally responsible for failing to prosecute this case and knew that the court would dismiss his case for such a failure, this first factor weighs heavily in favor of dismissal.

### B. Extent of Prejudice to the Defendants

The second factor is the extent of prejudice to the defendants caused by the plaintiff's failure to file a second amended complaint in accordance with the court's order. On the one hand, the defendants have not filed a motion to dismiss for lack of prosecution setting forth how the plaintiff's failure to prosecute has prejudiced them. On the other hand, this case has been pending for more than two years and the pleadings are not closed. Further, the court assumes that because the plaintiff has not filed a second amended complaint detailing his claims against each defendant, the defendants are currently unable to prepare a defense against such claims. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) ("[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."). Thus, the court finds that this factor is neutral and weighs neither against nor in favor of dismissal.

### C. The Plaintiff's History of Dilatoriness

The third factor is whether the plaintiff has a history of dilatoriness. A court can find a pattern of dilatoriness where there has been "extensive or repeated delay or delinquency . . . such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994). Here, the plaintiff failed to file an opposition to the defendants' motion to dismiss his original complaint, failed to update his address with the clerk of court, and failed to file a second amended complaint. As stated earlier, there is nothing in the record showing that

6

the plaintiff did not receive a copy of the court's March 23, 2017 order.  Based on the above, the court finds that the plaintiff has demonstrated a history of dilatoriness in this case since August 2016, and this factor weighs in favor of dismissal.

### D. Whether the Plaintiff's Conduct Was Willful or in Bad Faith

The fourth factor is whether the plaintiff's conduct was willful or in bad faith.  In evaluating this factor, the court must determine whether the conduct at issue reflects mere inadvertence or negligence, or conversely, whether it is "the type of willful or contumacious behavior which [can be] characterized as 'flagrant bad faith.'" *Scarborough*, 747 F.2d 871, 875 (3d Cir. 1984) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).  Here, the plaintiff failed to file a response to the motion to dismiss the original complaint despite the passage of a few months, update his address with the clerk of court, and file a second amended complaint in response to the court's order.  There is nothing in the record to indicate that these failures constitute mere inadvertence or negligence, but the court cannot similarly ascertain whether this conduct demonstrates flagrant bad faith.  The plaintiff has been "silent, and . . . silence is ambiguous." *El-Hewie v. Paterson Pub. Sch. Dist.*, No. CIV. A. 13-5820, 2015 WL 5306255, at *4 (D.N.J. Sept. 10, 2015).  As such, the court finds that this factor is neutral and weighs neither against nor in favor of dismissal.

### E. The Effectiveness of Sanctions Other Than Dismissal

The fifth factor is the effectiveness of sanctions other than dismissal.  With respect to this factor, "sanctions less than dismissal [are] ineffective when a litigant . . . is proceeding *pro se* and in forma pauperis." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) (per curiam).  Here, the plaintiff is proceeding *in forma pauperis*, so the threat of monetary compliance (including fines, costs, or payment of attorney's fees) is unlikely to prompt compliance.  Also, when a *pro se* plaintiff fails to prosecute his action, any sanction other than dismissing the action

would be inappropriate. *See Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008). Thus, this factor weighs in favor of dismissal.

### F. <u>The Meritoriousness of the Claim</u>

The sixth and final factor is the meritoriousness of the claim or defense. When evaluating this factor, courts must apply the Rule 12(b)(6) standard for addressing motions to dismiss.[2] The court has thoroughly reviewed the allegations in both the complaint and amended complaint and found them to be insufficient to state plausible causes of action against the defendants. At this point, because the plaintiff has not filed a second amended complaint, the court cannot conclude that the plaintiff has any meritorious claims. Therefore, this final factor also weighs in favor of dismissal.

### G. <u>Balancing the Factors</u>

The court must now balance the aforementioned six factors. When balancing these factors, there is no "magic formula" or mathematical calculation used to direct a particular result. *Briscoe*, 538 F.3d at 263. In addition, the Third Circuit has provided additional guidance to district courts by admonishing that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). As the court balances the factors here, the court is mindful that dismissal "is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Liggon-Reading v. Estate of Sugarman*, 659 F.2d 258, 260 n.1 (3d Cir. 2011) (citations omitted). In this case, the first, third, fifth, and sixth factors weigh in favor of dismissal. Although the

---

[2] To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). While conducting this review, the court must liberally construe the allegations in the operative complaint because the plaintiff is proceeding *pro se*. *Higgs v. Attorney Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011).

court recognizes that it is unclear that the defendants have suffered prejudice and that the plaintiff has acted willfully or in bad faith, there are simply no alternative sanctions that would adequately punish the plaintiff and the case cannot proceed without an operative complaint. Since at least February 2017, there is nothing in the record indicating that the plaintiff intends to continue prosecuting this case. Therefore, the court finds that upon balancing all of the *Poulis* factors dismissal with prejudice is warranted and appropriate in this case.

### III. CONCLUSION

The court's balancing of the *Poulis* factors demonstrates that dismissal of this action with prejudice is the appropriate sanction for the plaintiff's conduct in this case. Accordingly, the court will dismiss this action with prejudice.

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.